# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:93CR50005 |
| v. ) | |
| ) | **OPINION** |
| **HENRY HUGH ROBINSON, JR.,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

On February 23, 1994, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On April 14, 2008, the court received a letter from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2).

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant pled guilty to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and use of a firearm during drug trafficking, in violation of 18 U.S.C. § 924(c). According to the findings and conclusions of the Presentence Investigation Report—which this court adopted—the defendant was responsible for more than 5 kilograms of crack cocaine. Under the amended guidelines, this correlates with a base offense level of 38. After accounting for the 4-level enhancement for the defendant's role in the offense and the 3-level reduction for his acceptance of responsibility, the defendant's Total Offense Level is 39. With a Criminal History Category of V, the amended guidelines recommend a term of imprisonment from 360 months to life, the same as at the defendant's original sentencing. Because the recommended guideline range has not changed, this court lacks the authority to reduce the defendant's sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 163) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of

confinement and to the United States Attorney's Office.

ENTER: April 21, 2008

 /S/ JAMES P. JONES
Chief United States District Judge