# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:93CR50005 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **HENRY HUGH ROBINSON, JR.,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

On February 23, 1994, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On April 14, 2008, the court received a letter from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2). The court denied the defendant's motion in an Opinion and Order entered on April 22, 2008. Subsequently, the court received another letter from the defendant asking that the court arrest its prior judgment and permit the defendant to file a motion under § 3582(c)(2).

Having considered the defendant's request, the court concludes that it must be denied. As explained in my prior Opinion and Order, the defendant is not eligible for a reduction in his sentence. This is because a two-level reduction in his offense level results in the same recommended guideline range. The court lacks the authority to reduce the defendant's sentence, therefore any further § 3582(c)(2) motion would be futile.

Accordingly, it is **ORDERED** that the defendant's request to arrest judgment and permit a further Motion to Reduce Sentence (Doc. No. 166) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: May 13, 2008

/S/ JAMES P. JONES
Chief United States District Judge